# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 3:18-CR-57 (CAR)** |
| **v.** | : | |
| | : | |
| **CHANDLER MOORE** | : | |
| | : | Filed at _12:03 P_M |
| **Defendant.** | : | _1-15_, 20_20_ |
| | : | |

DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and CHANDLER MOORE, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Superseding Information against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

(2)

The Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. The Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the Government would have the burden of proving Defendant's guilt beyond a reasonable doubt. The Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. The Defendant understands that Defendant would be entitled to confront and to cross-examine the Government's proof, and to present witnesses and evidence in Defendant's own behalf. The Defendant understands that Defendant would have the right to testify in Defendant's

own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Therefore, the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)     The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Superseding Information which charges Defendant with Conspiracy to Possession with Intent to Distribute Methamphetamine in violation of Title 21 U.S.C 841(a)(1), (b)(1)(C) and Title 18 United States Code § 2.

(B)     That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to a maximum term of Twenty (20) years

2



imprisonment, a maximum fine of $1,000,000.00, or both, and a term of supervised release of at least four (4) years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C)     The Defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office.  The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Investigation Report and found by the Court to be the correct advisory guideline range.

(D)     The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a Presentence Investigation Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigation Report and challenge any facts reported therein.  The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigation Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

3



(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     **Waiver of Appeal Rights and Right of Collateral Attack:**   Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

(H)     Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

(I)     Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

(J)     Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b).  If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(K)     Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case.  If



Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(L)     The Defendant understands that the Government may have various items of biological evidence in its possession in connection with this case that could be subjected to DNA testing. Biological evidence for this purpose is defined as any sexual assault forensic examination kit and any other evidence that, in the course of the investigation and prosecution of this matter, has been detected and has been identified as semen, blood, saliva, hair, skin tissue, or some other type of biological material.

The Defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of any such biological evidence pursuant to 18 U.S.C. § 3600 in an attempt to prove Defendant's innocence. The Defendant fully understands this right to have any and all of the biological evidence in this case tested for DNA, has discussed this right with Defendant's attorney, and knowingly and voluntarily waives the right to have such DNA testing performed on the biological evidence in this case. Defendant fully understands that because Defendant is waiving this right, the biological evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)     That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges in the Middle District of Georgia,

5



and Superior case # 18-CR-1220 in Cherokee County, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. Further if at the time of sentencing there are any remaining counts, they will be dismissed.

(B)     Defendant agrees to provide complete, candid and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others implicated in the charges alleged in the indictment as well as any, and all criminal violations about which the Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The Defendant further agrees to provide complete, candid and truthful testimony regarding such matters. The Defendant understands that that this agreement does not require the Defendant to implicate any particular individual (s) or to "make a case" rather it requires the Defendant to be truthful and to testify truthfully whenever called upon.

(C)     That it further agrees, if the Defendant cooperates truthfully and completely with the Government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to the Defendant's cooperation, to make the extent of the Defendant's cooperation known to the sentencing court. If the Defendant is not completely truthful and candid in cooperating with the Government, the Defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is complete prior to sentencing, the Government agrees to consider whether such cooperation qualifies for "substantial assistance" pursuant to 18 U.S.C.§  3553(e) and or Section 5K1.1 of the Sentencing Guidelines warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed after sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial



assistance" pursuant to Rule 35 (b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one (1) year of the imposition of sentence. In either case, the Defendant understands that the determination as to whether the Defendant has provided "substantial assistance" rests solely with the Government. Ant good faith efforts on the part of the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. In addition, should the Defendant engage in any additional criminal conduct, the Defendant shall not be entitled to consideration pursuant to this paragraph.

(D)  Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information, which was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of the Defendant's plea agreement to cooperate, will not be used in determining the advisory guideline range. Further, the Government agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B) (i), based on any information provided by the Defendant in connection with the Defendant's cooperation, which information was not known to the Government prior to said cooperation. This does not restrict the Government's use of information previously known or independently obtained for such purposes.

(E)    If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive a downward adjustment in the advisory guideline range. However, the decision whether the Defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right



to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

This agreement is a conditional plea agreement under Rules of Criminal Procedure 11.1 (C), the parties agree the appropriate sentence guideline will not exceed 46 months in prison. The Parties agree to allow the Defendant to withdraw his guilty plea if the Court rejects the plea Agreement.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case.  In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court.  Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or



8

in its discretion with the aid of the Presentence Investigation Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

Defendant agrees and stipulates that the Government can prove beyond a reasonable doubt the facts alleged in the Information.

Co-conspirator Amy Leonard, herein after Leonard, and others were involved in multi-state drug organization distributing methamphetamine in Tennessee and North Georgia including the Athens-Clarke and Oconee Counties. Leonard sources were individuals like Rodolfo Chavez, Eric LNU and others serving state sentences in Georgia. The sources or "plugs" would set up the drug deals by connecting customers like Leonard to Hispanic distributors in Georgia.

After Leonard's arrest on May 17, 2018 in Oconee County, Georgia. Leonard enlisted her boyfriend, Defendant Chandler Moore to assist her in her distribution business.

On September 22, 2018, Leonard and the Defendant drove from Tennessee to Georgia to purchase methamphetamine and to pay back for previously fronted methamphetamine. After Leonard met with the Hispanic distributor, both were on their way back to Tennessee when Moore pulled into a parking lot near Bells Ferry Road for a few moments. Moore left the parking lot turning onto Bells Ferry Road in Cherokee County, Georgia when Deputy Gavina saw the truck. The deputy noticed the truck was emitting a significant amount of smoke from the exhaust pipe. He also noticed the amount of smoke was obstructing the view of the highway for other motorists in violation of the law. Deputy Gavina pulled his patrol car next to the driver's side and saw the driver looking down towards his thighs instead of looking at the road. The deputy initiated a traffic stop.  The deputy approached the driver's side and smelled marijuana emanating from the

9



inside of the truck. The driver, Moore did not have a driver's license and neither did Leonard. The deputy asked both Moore and Leonard to step out of the truck in order to search the truck. The deputy found marijuana particles on the floorboard, a black box with marijuana, scales, and a master card in Moore's name. On the passenger floorboard, the deputy found a blue/gray bag with the name "Amy' on it that contained a meth pipe, clear baggies and methamphetamine. Leonard's purse contained scales, baggies and other drug paraphernalia. Deputy Gavina also seized two cell phones. Leonard gave a Post-Miranda statement admitting that they drove to Georgia to get methamphetamine to take back to Tennessee for distribution purposes. She paid $3,500.00 for methamphetamine that was fronted to her by "Eric". She made the payment to a Hispanic male and was supposed to get another half a kilogram of methamphetamine. They were only able to get five (5) ounces because according to the Hispanic male they were too late.

The suspected methamphetamine seized on September 22, 2018 were sent to a crime laboratory. The tests results were positive for methamphetamine The Government and the Defendant stipulate that the amount of methamphetamine attributable to him mine attributable to the Defendant under Relevant Conduct is 137 grams of a mixture containing a detectable amount of methamphetamine.

The parties stipulate that a firearm enhancement under U.S.S.G Section 2D 1.1 (b)(1) is not warranted. The parties also stipulate that the defendant qualifies for a downward departure for role in the offense under U.S.S.G § 3B1.2

(8)

## ACCEPTANCE OF PLEA AGREEMENT

10

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 15th day of January, 2020.

CHARLES E. PEELER
UNITED STATES ATTORNEY

BY: _____
TAMARA A. JARRETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 389629

11



I, CHANDLER MOORE, have read this agreement and had this agreement read to me by my attorney, ERIC EBERHARDT.  I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

        CHANDLER MOORE
        DEFENDANT

I, ERIC EBERHARDT, attorney for Defendant, CHANDLER MOORE, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant.  I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial.  I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

        ERIC EBERHARDT
        ATTORNEY FOR DEFENDANT